A true printed copy in 5 sheet(s)
of the electronic record filed on 8/24/26.
in the United States District Court
for the District of Minnesota.
CERTIFIED, August 24 2026
Kate M. Fogarty, Clerk
BY: Deputy Clerk
U.S. DISTRICT COURT DISTRICT OF MINNESOTA
Signature of Clerk or Deputy Clerk

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: FIREFIGHTER TURNOUT GEAR MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** MDL No. 3191

**TRANSFER ORDER**

**Before the Panel**:* Plaintiff in the District of Minnesota *City of Rochester* action moves under 28 U.S.C. § 1407 to centralize this litigation in the District of Montana. This litigation consists of five actions pending in three districts, as listed on Schedule A. In addition, the parties have informed the Panel of four related actions pending in three districts.[1]

Moving plaintiff initially requested centralization in the District of Minnesota, as did the plaintiffs in the other two District of Minnesota actions, while plaintiff in the action pending in the Northern District of California initially suggested centralization in that district. At oral argument, however, plaintiffs informed the Panel that they had all agreed on centralization in the District of Montana, with the District of Minnesota and the Northern District of California as alternative venues.[2]

Plaintiffs in three potential tag-along actions request that the actions be transferred to MDL No. 2873 – *In re Aqueous Film-Forming Foams Products Liability Litigation* (the AFFF MDL).[3] Defendants 3M Company, Globe Manufacturing Company, LLC, Elevate Textiles, Inc., and

---

* Judges Karen K. Caldwell and David C. Norton did not participate in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(i), 7.1, and 7.2.

[2] Plaintiffs in the District of Montana action initially opposed centralization, but at oral argument counsel for the Montana plaintiffs argued on behalf of all plaintiffs on the motion in favor of centralization in the District of Montana.

[3] Co-lead counsel for the plaintiffs in the AFFF MDL filed an amicus brief supporting transfer of these actions to the AFFF MDL. Plaintiff in the *Adger Volunteer Fire Department* potential tag-along action pending in the Northern District of Alabama initially supported centralization in the District of Minnesota. At the hearing, however, counsel informed the Panel staff that plaintiffs in both Northern of District of Alabama potential tag-along actions support transfer of the actions to the AFFF MDL.

Safety Components Fabric Technologies, Inc., likewise suggest transfer of these actions to the AFFF MDL. Alternatively, they suggest centralization of this litigation as a separate MDL in the District of South Carolina (before Judge Richard M. Gergel, who presides over the AFFF MDL) or in the District of Minnesota. Another group of defendants—Honeywell Safety Products USA, Inc., Fire-Dex, LLP, Lion Group, Inc., Morning Pride Manufacturing L.L.C., and Southern Mills, Inc., d/b/a TenCate Protective Fabrics USA—do not suggest inclusion in the AFFF MDL but instead support centralization in either the District of Minnesota or the District of South Carolina. The final group of defendants[4] opposes centralization. Alternatively, they, too, suggest either the District of Minnesota or the District of South Carolina as the transferee district.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations that the per- or polyfluoroalkyl substances (referred to as PFAS) contained in personal protective equipment for firefighters, referred to as "turnout gear,"[5] is toxic and can harm both firefighters and the environment. Plaintiffs in all the actions on the motion allege that they purchased turnout gear containing PFAS. Numerous common factual questions exist pertaining to the alleged harm from PFAS and turnout gear containing PFAS, as well as defendants' representations regarding their products. Plaintiffs assert substantially similar claims for, *inter alia*, negligence, strict products liability, fraudulent misrepresentation, and violation of state consumer protection laws on behalf of overlapping nationwide and state classes of purchasers of turnout gear. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

The opponents of centralization primarily argue that centralization is premature because there are relatively few actions pending, such that informal coordination is a practicable and preferable alternative to centralization. We disagree. Including the potential tag-along actions, there are now eight putative class actions by turnout gear purchasers in five districts, as well as a putative class action brought by firefighters and firefighter associations in the District of Connecticut (the *Uniformed Professional Fire Fighters Association of Connecticut* action). These actions will entail common discovery relating to PFAS in turnout gear; its alleged effects on the firefighters and the environment where the turnout gear is used, stored and cleaned; and defendants' knowledge of the alleged risks associated with PFAS in turnout gear and any warnings or instructions related to those alleged risks. Moreover, the actions on the motion are brought by different plaintiffs' counsel. Allowing these actions to proceed separately is likely to result in duplicative discovery and inconsistent pretrial rulings, particularly if the various plaintiffs seek to have their proposed class certified before the others. In this instance, informal coordination alone is not likely to yield the same efficiency and convenience benefits as centralization before a single judge who can coordinate pretrial proceedings in all the actions.

---

[4] EIDP, Inc.; DuPont de Nemours, Inc.; The Chemours Company; The Chemours Company FC, LLC; Corteva, Inc.; Milliken & Company; W.L. Gore & Associates, Inc.; and Stedfast USA, Inc.

[5] Turnout gear includes, for example, self-contained breathing apparatuses, hoods, helmets, coats, pants, gloves, boots, and reflective tape.

With respect to the request to transfer these actions to the AFFF MDL, we agree that there is significant overlap between these turnout gear purchaser class actions and the thousands of turnout gear personal injury actions pending in the MDL. Even so, we are not convinced that this overlap merits expanding the scope of the AFFF MDL to encompass non-AFFF actions. The AFFF MDL is limited to actions asserting claims for harm caused by AFFF manufacture, use, or disposal. We have endeavored since the outset of the AFFF litigation to maintain the distinction between AFFF claims that are appropriate for inclusion in the MDL and non-AFFF claims that are not. *See, e.g.*, Order Denying Transfer at 2–3, *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873 (J.P.M.L. Dec. 11, 2025), ECF No. 4062 ("Expanding this MDL to include turnout gear-only claims is, in our view, a step too far towards an MDL unmoored from AFFF claims . . . ."). Critically, all turnout gear cases that we have transferred to the AFFF MDL have also involved AFFF claims. *See, e.g.*, *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, MDL No. 2873, 2021 WL 755083, at *1–2 (J.P.M.L. Feb. 4, 2021) (transferring actions by firefighters alleging harm from both direct exposure to AFFFs and wearing turnout gear containing PFAS). In contrast, here we are presented with actions that involve *only* turnout gear claims (*i.e.*, plaintiffs do not allege exposure to or harm from AFFFs). Inclusion of such actions in the AFFF MDL is not appropriate.[6]

Nor are we persuaded that it is appropriate to assign these cases to Judge Gergel as a separate MDL. While he has extensive familiarity with the issues presented in PFAS litigation, Judge Gergel is currently managing more than 15,000 actions (and far more individual plaintiffs) in the AFFF MDL. That litigation encompasses claims by, *inter alia*, States for harm to their natural resources, claims by municipalities and local water providers seeking compensation for remediation of their water sources, individual plaintiffs seeking compensation for the contamination of their groundwater, non-firefighter personal injury plaintiffs who claim that they were injured by ingesting water contaminated with PFAS, and firefighters who claim they were injured by direct exposure to AFFF in the course of their employment. Managing this extremely complex litigation is already a daunting task, and we have no desire to increase Judge Gergel's workload by adding a potentially large tranche of cases that, unlike those in the AFFF MDL, do not involve AFFF claims. Any potential for coordinating turnout gear claims in the two litigations is outweighed by the additional complexity and inefficiencies that would follow from assigning both litigations to the same transferee judge.

Instead, we are convinced that the most efficient path for the non-AFFF turnout gear litigation is to be litigated separately in the District of Minnesota. Three of the five actions on the motion are pending in the District of Minnesota. The district has a significant connection to this litigation as 3M Company, one of the primary defendants, is headquartered in Minnesota. All defendants and most plaintiffs suggest the District of Minnesota as a transferee district, either in the first instance or in the alternative. Minnesota also presents a convenient and accessible forum for this litigation. We assign this litigation to Judge Jeffrey M. Bryan, who presides over the three

---

[6] Indeed, we declined to transfer the *Uniformed Professional Fire Fighters Association of Connecticut* potential tag-along action to the AFFF MDL precisely because that action did not involve AFFF claims. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 765 F. Supp. 3d 1379, 1380 (J.P.M.L. 2024) ("On its face, the *UPFFA* complaint does not involve allegations pertaining to the manufacture, use, or disposal of aqueous film-forming foams (AFFFs).").

actions in this district. Judge Bryan is an able and experienced jurist who has not yet had the opportunity to preside over an MDL. We are confident that he will steer this litigation on a prudent and expeditious course.

To make clear the distinction between this litigation and the AFFF MDL, we will rename this litigation "*In re: Non-AFFF Firefighter Turnout Gear Marketing, Sales Practices, and Products Liability Litigation*." This MDL will include only turnout gear actions, like those on the motion, that do not also present AFFF claims. We will continue to transfer actions that present both AFFF and turnout gear claims to the AFFF MDL. Judge Bryan and Judge Gergel will coordinate any overlapping discovery or pretrial proceedings as they see fit.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Jeffrey M. Bryan for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that MDL No. 3191 is renamed, *In re: Non-AFFF Firefighter Turnout Gear Marketing, Sales Practices, and Products Liability Litigation*.

PANEL ON MULTIDISTRICT LITIGATION

Matthew F. Kennelly
Acting Chair

Dale A. Kimball
M. Casey Rodgers

Madeline Cox Arleo
Richard Seeborg

**IN RE: FIREFIGHTER TURNOUT GEAR MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** MDL No. 3191

## SCHEDULE A

Northern District of California

COUNTY OF SAN MATEO v. EIDP, INC., ET AL., C.A. No. 3:26–02380

**26-cv-3752 JMB**

District of Minnesota

CITY OF PEABODY, MASSACHUSETTS v. 3M COMPANY, ET AL., C.A. No. 0:25–02083

CITY OF ROCHESTER, NEW YORK v. 3M COMPANY, ET AL., C.A. No. 0:26–02329

EARLVILLE COMMUNITY FIRE PROTECTION DISTRICT v. 3M COMPANY, ET AL., C.A. No. 0:26–02388

District of Montana

CITY AND COUNTY OF BUTTE–SILVER BOW v. 3M COMPANY, ET AL., C.A. No. 2:25–00036

**26-cv-3753 JMB**